F I L E D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS    AUG 0 4 2008
WESTERN DIVISION

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| ROY FORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 08 C 50161 |
| | ) | |
| ROCKFORD POLICE OFFICERS | ) | Kapala |
| Jeffrey Cleaveland, Joel Givens, | ) | |
| Christopher Popielarczyk, Milo Scheffels, | ) | |
| Sisomphou Singmouangthong, | ) | |
| in their individual and official capacities, | ) | |
| | ) | |
| Defendants. | ) | JURY DEMAND REQUESTED |

## COMPLAINT

NOW COMES, the Plaintiff, Roy Ford, by and through his attorney, Rene

Hernandez, of the Law Office of Rene Hernandez, P.C., bringing forth this Complaint

against the Defendants states as follows:

1.  This Court has jurisdiction over this matter based on 28 U.S.C. §§1331,

1343(a)(3), and 42 U.S.C. §§1981, 1983, and the Fourth and Fourteenth Amendments.

2.  Venue is proper for this action in the Northern District of Illinois, Western

Division, pursuant to 28 U.S.C. §1391(b), as the claim arose in this judicial district.

3.  Plaintiff, Roy Ford, is a United States citizen and resident of the city of

Rockford, County of Winnebago, State of Illinois.

4.  Defendants, Jeffrey Cleaveland, Joel Givens, Christopher

Popielarczyk, Milo Scheffels and Sisomphou Singmouangthong are Rockford Police

Officers, and as such, were responsible for the acts and omissions complained of.  At all

times relevant, Defendants were employees of Rockford Police Department and were acting under the color of law. They are being sued in their individual and official capacities.

5. On Saturday, August 4, 2007, the Rockford Police Department received an anonymous call concerning a possible domestic dispute occurring outside the Plaintiff's residence.

6. On the particular date at issue, the Plaintiff ~~was~~ _brother_ was hosting a family party in celebration of ___ birthday.

7. Upon arrival at the Plaintiff's residence, Officer Popielarczyk observed what appeared to be a male and female arguing, outside the residence. Shortly after, the couple entered the Plaintiff's residence.

8. It was at this time that the Plaintiff, Roy Ford observed Officers Popielarczyk and Singmouangthong approaching his residence. Mr. Ford asked the officers what they needed. Mr. Ford subsequently entered his residence and spoke with the couple that was seen arguing.

9. Upon his return, Mr. Ford notified the officers that the couple was fine and that they did not wish to speak to the officers.

10. Subsequently, Officer Popielarczyk informed Ford that he would enter his residence, despite not having a search warrant or Ford's consent and that Ford would be arrested for offensive use of property, due to the music playing at the house, upon the officer's arrival.

11. Ford placed his hands behind his back and Officer Cleaveland handcuffed Ford and started to walk Ford to the squadrol van parked in front of Ford's residence.

12. As Ford continued to walk away from his residence, in handcuffs, toward the squdrol van, he ~~pulled away from Officer Cleaveland's grip, and continued walking on his own accord~~.

13. ~~In response~~, Officer Singmouangthong tasered Ford, causing Ford to fall on the concrete driveway in front of his residence.

14. As various family members attempted to approach toward Ford, Officer Popielarczyk removed his taser and ordered everyone back. Officer Givens removed his ASP and also ordered everyone back. A barrier was formed by the officers to keep Ford's family members from reaching him.

15. Ford advised his family that he was ok and to keep their distance from the officers and him.

16. Additional Officers arrived at the residence, along with Sergeant Scheffels. The male and female couple that was allegedly seen arguing was never questioned by the Officers.

17. Officers Cleaveland and Givens transported and placed Ford in the Winnebago County Jail.

## COUNT I-EXCESSIVE FORCE

18. Plaintiff realleges and incorporates paragraphs 1-17 as though fully set forth herein.

19. After Ford was handcuffed and while he was continuing to walk toward the squadrol van, Ford was tasered by Officer Singmouangthong, causing him electric shock and sustaining injuries from subsequently falling on the concrete and suffering burn marks on his skin from the taser.

20. Plaintiff alleges that the Defendant Officers acted in an intentional manner, with a reckless disregard to the Plaintiff's civil rights.

21. Because Plaintiff's actions did not warrant such excessive force from the Defendants, the Plaintiff's civil rights guaranteed under 42 U.S.C. §1983 and under the Fourth and Fourteenth Amendments of the United States Constitution were violated.

22. The conduct of the Defendants, in using such excessive force, demonstrates a complete, reckless and utter disregard for the Plaintiff's civil rights so as to warrant punitive damages against them.

WHEREFORE, Plaintiff prays this Honorable Court award compensatory, actual and punitive damages against Rockford Police Department Officers Jeffrey Cleaveland, Joel Givens, Christopher Popielarczyk, Milo Scheffels and Sisomphou Singmouangthong, in their individual and official capacities, jointly and severally, in addition to awarding attorney's fees and granting any other relief as the Court may find appropriate and just.

ROY FORD, Plaintiff.

BY: _Rene Hernandez_
Rene Hernandez
Attorney for Plaintiff

THE LAW OFFICE OF RENE HERNANDEZ
1625 East State Street
Rockford, IL 61104
815/387-0261
Fax: 815/387-0264